```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
JULIO S. ALVARADO and ANGELA           :        04 Civ. 9536 (JCF)
ALVARADO,                              :
                                       :        MEMORANDUM
              Plaintiffs,              :        AND   ORDER
                                       :
     - against -                       :
                                       :
AMERICAN FREIGHTWAYS, INC. and         :
ANGEL D. DIAZ,                         :
                                       :
              Defendants.              :
- - - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

    FedEx Freight East, Inc. (formerly American Freightways, Inc.) and Angel Diaz (the "defendants") move pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure to dismiss the complaint filed by Julio and Angela Alvarado (the "plaintiffs" or the "Alvarados") for insufficiency of service of process. Since the plaintiffs would then be time-barred from refiling, the defendants also seek to dismiss the complaint pursuant to Rule 4. In the event that service is found to be inadequate, the plaintiffs have cross-moved pursuant to Rule 4(m) for leave to re-serve process. The parties have consented to my exercising authority over this case for all purposes pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the plaintiffs' cross-motion to re-serve is granted and defendants' motions to dismiss are denied.

Background

    On August 31, 2001, Julio Alvarado was involved in a motor vehicle accident with Angel Diaz in Mount Vernon, New York. (Declaration of Elliot B. Pasik dated May 6, 2005 ("Pasik Decl."),

1

¶ 3). The truck driven by Mr. Diaz was owned by American Freightways. (Pasik Decl., ¶ 4).

On August 4, 2004, shortly before the expiration of New York's three-year statute of limitations on personal injury actions, the Alvarados filed a complaint against Mr. Diaz and American Freightways in New York State Supreme Court, Bronx County, alleging serious injuries and loss of companionship as a result of the defendants' negligence. (Complaint, ¶¶ 13-14, 20). The Alvarados then attempted to serve the defendants with a summons and complaint pursuant to New York Vehicle and Traffic Law ("VTL") § 253 and New York Civil Practice Law and Rules ("CPLR") § 306-b which require notice be sent via certified or registered mail and service be made within 120 days of filing. The plaintiff must then file the return receipt or undelivered envelope within 30 days of its return. Under VTL § 253, service of process is completed -- and the action is commenced -- when the receipt or envelope is filed.

The plaintiffs mailed the summons and complaint to the addresses listed for the defendants on a three-year-old police accident report. (Plaintiff's Memorandum of Law in Opposition to the Defendants' Motion and in Support of the Cross-Motion Seeking Alternative Relief ("Pl. Memo.") at 3rd unnumbered page). These addresses, however, were incorrect. (Affidavit of Abraham A. Friedman dated March 28, 2005 ("Friedman Aff."), ¶¶ 9, 13). The defendants claim that they never received these mailings and that the plaintiffs did not properly file the undelivered envelopes. (Friedman Aff., ¶¶ 9-10, 12, 14). The New York Department of State

2

has no record of service for this action. (Friedman Aff., Exh. A).

The defendants contend they only became aware of the complaint on November 12, 2004, when a copy was sent to a law firm they had retained to perform investigative work. (Friedman Aff., ¶ 11). On November 19, 2004, shortly after the law firm forwarded the complaint to FedEx Freight East, the defendants served their Answer. (Reply Affidavit of Abraham A. Friedman dated May 13, 2005, ¶ 8). On December 6, 2004, the action was removed to federal court. (Pl. Memo. at 2nd unnumbered page).

The defendants now move to dismiss, claiming that service of process was insufficient and that the statute of limitations has expired. In the event that service is found to be defective, the plaintiffs cross-move for leave to re-serve the defendants.

Discussion

A. Service of Process

Due process of law requires notice to "apprise interested parties of the pendency of an action and [to] afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (citations omitted). "It is fundamental that only compliance with statutory preconditions to the exercise of personal jurisdiction . . . can result in acquisition of such jurisdiction consistent with due process requirements." Broughton v. Chrysler Corp., 144 F.R.D. 23, 26 (W.D.N.Y. 1992) (citations omitted). Actual notice alone does not constitute service or confer jurisdiction "when there has not been compliance with prescribed conditions of service." Buggs v.

3

Ehrnschwender, 968 F.2d 1544, 1548 (2d Cir. 1992) (citation omitted); see Markoff v. South Nassau Community Hospital, 61 N.Y.2d 283, 288, 473 N.Y.S.2d 766, 768 (1984).

In a removed case, the propriety of service must be determined according to the law of the state from which the case was removed. See Bomze v. Nardis Sportswear, 165 F.2d 33, 35 (2d Cir. 1948); Jones v. Globe International, Inc., Nos. 3:94:CV01468, 3:94:CV01511, 3:94:CV01512, 1995 WL 819177, at *4 (D. Conn. Sept. 26, 1995). Here, the plaintiffs chose to file their claim in New York State Supreme Court and serve the defendants pursuant to VTL § 253. Since VTL § 253 affords relief that is in derogation of the common law, it is strictly construed. See Bingham v. Ryder Truck Rental, Inc., 110 A.D.2d 867, 869, 488 N.Y.S.2d 424, 426 (2d Dep't 1985). The law states:

> The plaintiff shall file with the Clerk of the Court in which the action is pending . . . an affidavit of compliance herewith, a copy of the summons and complaint, and either a return receipt purporting to be signed by the defendant . . .; or, if acceptance was refused . . ., the original envelope . . . and an affidavit . . . that notice of such mailing and refusal was forthwith sent to the defendant by ordinary mail . . .; or, if the registered or certified letter was returned to the post office unclaimed, the original envelope[.]

VTL § 253.

The Alvarados filed their complaint with the Clerk on August 4, 2004. (Pasik Decl., ¶ 5). Then they mailed the summons and complaint to the addresses listed on the police accident report from three years earlier. (Pl. Memo. at 3rd unnumbered page).

4

American Freightways has never occupied the address where its copies of the documents were sent (Friedman Aff., ¶ 9), and Mr. Diaz has not lived at the address where his copies were mailed for over five years. (Friedman Aff., ¶ 13). Both defendants claim they never received these mailings. (Friedman Aff., ¶¶ 10, 14).

There is no evidence on the record before this Court detailing how American Freightways' return receipt or undelivered envelope was handled. The plaintiffs claim to have appropriately filed the envelope they sent to Mr. Diaz, which was returned to them marked "unclaimed."[1] This argument is misplaced.

The statutory term "unclaimed" in VTL § 253 has been interpreted to cover only those situations where defendant has notice of the letter and refuses to claim it at the post office. See La Vallee v. Peer, 104 Misc. 2d 943, 945, 429 N.Y.S.2d 383, 385 (Sup. Ct. Oneida Co. 1980), aff'd, 80 A.D.2d 992, 441 N.Y.S.2d 435 (4th Dep't 1981). When the defendant does not have notice and does not passively reject the mail by refusing to pick it up, service is considered insufficient even if the letter is returned with the mark "unclaimed." See Edley v. Avis Rent A Car System, LLC, No. 03 Civ. 5065, 2004 WL 594917, at *3 (S.D.N.Y. March 25, 2004). Such is the case here.

Moreover, the plaintiffs' reliance on the addresses listed on

---

[1] There is a factual dispute concerning the plaintiffs' timeliness in filing the returned envelope with the Clerk of the Court. This issue need not be addressed, however, since the service itself was improper. Similarly, I need make no determination on whether the filing of a copy of Mr. Diaz's envelope satisfies VTL § 253's "original envelope" filing requirement.

the police accident report does not excuse defective service. Under New York law, "it is settled that the burden of investigating and determining a defendant's correct address is on the plaintiff." Bingham, 110 A.D.2d at 869, 488 N.Y.S.2d at 426 (citing Yarusso v. Arbotowicz, 41 N.Y.2d 516, 518, 393 N.Y.S.2d 968, 970 (1977)). The Alvarados did not satisfy this burden.

In Harrington v. Victory Trucking Co., 141 Misc. 2d 327, 331, 533 N.Y.S.2d 233, 236 (Sup. Ct. Suffolk Co. 1988), the court faced a situation where, as here, "there [was] a three-year interval between the date of the accident and the filing of the necessary papers with the County Clerk." Finding it was not inconceivable that the defendants relocated during the interim period, the court stated that the plaintiffs' reliance on the address contained in the police accident report was neither reasonable nor appropriate. Id. at 331, 533 N.Y.S.2d at 235-36. Instead, the court wrote that "the method of service employed by plaintiffs did not comply with [VTL § 253], and was not reasonably calculated to give [the defendants] notice of any action sought to be commenced against them." Id. at 332, 533 N.Y.S.2d at 236. Finding such service defective, the Harrington court held that plaintiffs' filing did not confer jurisdiction. Id., 533 N.Y.S.2d at 236.

Since the Alvarados' reliance on the police accident report was unreasonable, the plaintiffs' service of process here was defective. Therefore, this Court cannot exercise jurisdiction over the defendants unless they have waived their objection to the improper service or the plaintiffs are granted an extension of time

6

to serve process.  The defendants' actual notice of the complaint, by itself, does not confer jurisdiction in the face of the departure from the procedures required by statute.

   B.  <u>Waiver of Objection to Defective Service</u>

Lack of personal jurisdiction is a defense that can be waived by failure to assert it seasonably.  <u>Neirbo Co. v. Bethlehem Corp.</u>, 308 U.S. 165, 168 (1939); <u>Burton v. Northern Dutchess Hospital</u>, 106 F.R.D. 477, 480 (S.D.N.Y. 1985).  Although state law governs the propriety of service, Rules 12(h)(1) and 8(c) of the Federal Rules of Civil Procedure govern the issue of waiver.  <u>Jones</u>, 1995 WL 819177, at *4; <u>see also</u> <u>Holzsager v. Valley Hospital</u>, 646 F.2d 792, 795 (2d Cir. 1981); <u>Rentz v. Swift Transportation Co.</u>, 185 F.R.D. 693, 696 (M.D. Ga. 1998); 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1082 (3d ed. 2002); Fed. R. Civ. P. 81(c)("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.").

Under Rule 12(h)(1) of the Federal Rules of Civil Procedure, "A defense of . . . insufficiency of service of process is waived (A) if omitted from a motion [consolidating defenses], or (B) if it is neither made by motion under this rule nor included in a responsive pleading. . . ."  Although Rule 12(h)(1) contains no statute of limitations for contesting service, the defense must be made in a reasonably timely manner or it is waived.  <u>Burton</u>, 106 F.R.D. at 481.

A defendant who wishes to raise the defense of insufficient

7

service must do so in its first responsive submission. Index Fund, Inc. v. Hagopian, 107 F.R.D. 95, 101 (S.D.N.Y. 1985)("A defendant who wishes to assert the defense . . . must do so in either a preliminary Rule 12 motion, or in a responsive pleading, whichever is filed first."). Asserting the defense in an answer, however, does not preserve it in perpetuity. Burton, 106 F.R.D. at 481. In analyzing waiver, a central concern has been to prevent defendants from postponing a challenge until the plaintiff is time-barred from re-serving. See Santos v. State Farm Fire & Casualty Co., 902 F.2d 1092, 1096 (2d Cir. 1990)("A defendant cannot justly be allowed to lie in wait, masking by misnomer its contention that service of process has been insufficient, and then obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect.").

In the defendants' answer, their seventh affirmative defense is that "this court lacks personal jurisdiction over these answering defendants by reason of the failure of proper service of process." (Answer, ¶ 12). While it may be inefficient to transfer an action before the original court determines whether it has jurisdiction, see Burton, 106 F.R.D. at 481, the defendants' actions were not unreasonable. The defendants clearly stated in their first responsive pleading that service was improper. Cf. Santos, 902 F.2d at 1095-96 (waiver found where "[n]either the original answer nor the amended answer did anything more than baldly state that the court lacked personal jurisdiction over [the

defendant]."). The defendants' answer notified plaintiffs of the potential insufficiency of their service when they could still re-serve.

While the defendants did not file this motion quickly enough to provide the plaintiffs with an opportunity to cure their service defect, there is no allegation that the defendants' delay was deliberate. In any event, the defendants' inclusion of the affirmative defense in their answer weighs heavily against any finding of deception. Additionally, the defendants' failure to file this motion before the statute of limitations ran is more readily attributable to the plaintiffs' tardiness in filing and sloppiness in serving than to any nefarious actions by the defendants.

Since the defendants asserted the defense of insufficient service in their answer and did not unreasonably postpone this motion to prevent re-filing, they have not waived the defense under Federal Rule of Civil Procedure 12(h)(1). Therefore, the defendants' motion to dismiss for insufficient service must be granted unless the plaintiffs are given an extension of time to serve.

C. Extension of Service

In a diversity action, Rule 4(m) of the Federal Rules of Civil Procedure governs any extension of the limitations period for a plaintiff's claim. See Argentina v. Emery World Wide Delivery Corp., 167 F.R.D. 359, 361-64 (E.D.N.Y. 1996); Sewell v. Jones, No. 95 Civ. 6224, 1996 WL 374140, at *2 (S.D.N.Y. July 3, 1996). An

9

extension must be granted if the plaintiff meets the standard for a good cause extension and may be granted if the court exercises its discretionary authority to extend the deadline. See Myers v. Secretary of the Department of the Treasury, 173 F.R.D. 44, 46-47 (E.D.N.Y. 1997).

### 1. Good Cause Extension

A party seeking a good cause extension bears a heavy burden of proof. See Geller v. Newell, 602 F. Supp. 501, 502 (S.D.N.Y. 1984). Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control. McKibben v. Credit Lyonnais, No. 98 Civ. 3358, 1999 WL 604883, at *3 (S.D.N.Y. Aug. 10, 1999). The diligence of the plaintiff's efforts to effect proper service is an important consideration in a determination of good cause. See Echevarria v. Department of Correctional Services, 48 F. Supp. 2d 388, 392-93 (S.D.N.Y. 1999). A delay in service resulting from mere inadvertence, neglect, or mistake does not constitute good cause. See McGregor v. United States, 933 F.2d 156, 159-60 (2d Cir. 1991).

Here, the plaintiffs' failure to serve process was not the result of circumstances beyond their control. Instead, it was the result of their reliance on addresses listed in a three-year-old police accident report. Since the plaintiffs do not describe any efforts made to ensure that these addresses were correct, they fail to prove they made diligent efforts to effect proper service. Such neglect does not constitute good cause.

2. <u>Discretionary Extension</u>

The defendants contend that dismissal is mandatory in the absence of good cause. That is incorrect. Rule 4(m) of the Federal Rules of Civil Procedure "authorizes the court to relieve a plaintiff of the consequences of this subdivision even if there is no good cause shown." Fed. R. Civ. P. 4(m) advisory committee's note (1993 amendments). Such an extension rests in the discretion of the Court. See <u>AIG Managed Market Neutral Fund v. Askin Capital Management, L.P.</u>, 197 F.R.D. 104, 109 (S.D.N.Y. 2000). "Factors to be considered in this regard are: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." <u>Eastern Refractories Co. v. Forty Eight Insulations, Inc.</u>, 187 F.R.D. 503, 506 (S.D.N.Y. 1999) (citation omitted).

Although the fact that the statute of limitations has run on a plaintiff's claim is seen as a factor favoring the plaintiff, see <u>AIG</u>, 197 F.R.D. at 109, it does not guarantee an extension for every case that may be time-barred if refiled. <u>Rupert v. Metro-North Commuter Railroad Co.</u>, No. 95 Civ. 4283, 1996 WL 447745, at *2 (S.D.N.Y. Aug. 7, 1996); <u>Nobriga v. Dalton</u>, No. 94 CV 1972, 1996 WL 294354, at *3 (E.D.N.Y. May 28, 1996). Here, however, the strong likelihood that the plaintiffs would be time-barred from

11

refiling is not the only factor weighing in their favor.

While the defendants' answer shows they did not attempt to conceal the defect in service, they fail to allege any prejudice they would experience if the plaintiffs' request were granted. Their contention that allowing service after the statute of limitations has expired, by itself, qualifies as prejudice is erroneous. See AIG, 197 F.R.D. at 111; see also Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997)("Interpreting this rule, under which the court may extend the time for service to avoid the bar of limitations, to authorize the court to refuse to extend it so the defendant may gain the benefit of that bar appears . . . inconsistent with its purpose."). The fact that the defendants had actual notice of the complaint also militates against a finding of prejudice. See AIG, 197 F.R.D. at 111.

Since the plaintiffs would be time-barred from refiling and the defendants allege no prejudice if Rule 4(m) relief is granted, the balance of equities tips in favor of the plaintiffs. Granting the plaintiffs a discretionary extension also furthers the principle that litigation should generally be resolved on the merits. See Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995); Rupert, 1996 WL 447745, at *2; Mejia v. Castle Hotel, Inc., 164 F.R.D. 343, 346 (S.D.N.Y. 1996).

Conclusion

For the reasons set forth above, the defendants' motions to dismiss are denied and the plaintiffs' cross-motion for leave to re-serve is granted. The plaintiffs shall serve the summons and

12

complaint upon the defendants in strict compliance with Rule 4 of the Federal Rules of Civil Procedure within thirty days from the date of this order.[2]

SO ORDERED.

*(signature)*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         June 21, 2005

Copies mailed this date:

Eric H. Green, Esq.
Elliot Pasik, Esq.
Eric H. Green & Associates
295 Madison Avenue, 19th Floor
New York, New York  10017

Abraham A. Friedman, Esq.
Newman Fitch Altheim & Myers PC
14 Wall Street
New York, New York  10005

---

[2] The requirements of Rule 4 of the Federal Rules of Civil Procedure apply to this service under 28 U.S.C. § 1448 ("In all cases removed from any State court to any district court of the United States in which . . . process served proves to be defective, such process . . . may be completed or new process issued in the same manner as in cases originally filed in such district court.").